1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DATA BREACH SECURITY
LITIGATION AGAINST
BRIGHTLINE, INC.

No.  C 23-02132 WHA
No.  C 23-02291 WHA
No.  C 23-02503 WHA
No.  C 23-02909 WHA

(Consolidated)

**ORDER RE MOTIONS FOR
APPOINTMENT AS INTERIM
CLASS COUNSEL**

This putative class action currently consists of four consolidated actions regarding the same alleged data breach involving defendant Brightline, Inc., which is a telehealth provider focused on pediatric behavioral health.  All four different plaintiffs' counsel in those actions jointly moved for consolidation, and defendant did not oppose (Dkt. No. 25).  A prior order found consolidation appropriate since there were overlapping issues of fact and law (Dkt. No. 26).  Counsel in the consolidated action have now filed three different motions to be appointed interim class counsel under Rule 23(g).  Defendant neither endorses nor opposes the motions.

The three factions are as follows.  Counsel for plaintiffs Terrance Rosa, Ryan Watson, and Anthony Ndifor, representing the first and third-filed actions, have jointly moved to be appointed co-lead counsel.  These are the firms of Morgan & Morgan Complex Litigation Group ("Morgan") and Glancy, Prongay & Murray LLP ("Glancy"), led in this action by John A. Yanchunis and Brian P. Murray, respectively.  They claim to "have led dozens of data

United States District Court
Northern District of California

breach class actions, including the largest and most successful of such cases to date, as well as hundreds of class actions in California and elsewhere," including a similar data breach action before the undersigned (Br. 2, Dkt. No. 30).  Morgan has over 800 lawyers with offices nationwide, while Glancy is approximately 35 lawyers with offices in Los Angeles, New York, and Berkeley.

Counsel for plaintiff Donisha Jackson, the second-filed action, is Mason A. Barney of Siri & Glimstad LLP ("Siri").  Mr. Barney "has significant experience successfully prosecuting complex consumer class actions and data breach cases across the country," having been appointed "interim co-lead counsel" in five current data breach actions across jurisdictions (Br. 5–6, Dkt. No. 29).  Nevertheless, Mr. Barney claims that Siri is "not currently leading another large data breach case" so that "he and other attorneys at the firm are ready and able to lead this case, and it will be a top priority" (Br. 6).  Mr. Barney alternatively seeks appointment to a plaintiffs' executive committee, explaining that he has experience working with Morgan in such capacity.  Mr. Barney further represents that Siri will not accept third-party litigation funding.  Siri has eight offices around the country.

Counsel for plaintiff Kyle Castro, the fourth-filed, are Peter J. Jannace of Herzfeld, Suetholz, Gastel, Leniski & Wall ("Herzfeld"), and Caren Sencer of Weinberg, Roger & Rosenfeld ("Weinberg").  They seek appointment as "Interim Co-Lead Class Counsel" and "Interim Liaison Counsel," respectively, or in the alternative to be appointed to plaintiffs' executive committee (Br. 3, Dkt. No. 31).  Mr. Jannace provides a sampling of nine data breach actions he has worked on, one of which was in federal court.  Ms. Sencer lists nine California state court data breach actions for which she has been approved as class counsel. Herzfeld has four offices in Nashville, Louisville, Cincinnati, and Washington, D.C., while Weinberg has three offices in Los Angeles, Sacramento, and Emeryville.

Rule 23(g)(3) permits designation of interim counsel to "act on behalf of a putative class."  A prerequisite to class action certification under Rule 23 is that "the representative parties will fairly and adequately protect the interests of the class."  FRCP 23(g)(4).  Rule 23(g)(1) states the factors to consider:  (i) the work counsel has done in identifying or

investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Generally, "a court may consider the proposed counsel's professional qualifications, skill, and experience, as well as such counsel's performance in the action itself." *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1045 (N.D. Cal. 2020) (Judge Phyllis J. Hamilton) (citations omitted).

Here, it is largely the second and fourth factors that are relevant, given that the consolidated action is in its infancy and a consolidated complaint has yet to be filed. Data breaches do not involve relatively specialized areas of the law, as evidenced by all counsels' experience litigating multiple such actions throughout the nation, in both state and federal courts.

Appointment of interim class counsel is appropriate here, given the "gaggle of law firms jockeying to be appointed class counsel." *Parrish v. Nat'l Football League Players Inc.*, No. C 07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007). There is evidenced rivalry between the firms given the competing motions, and as a consolidated complaint has yet to be filed, there is "uncertainty as to their respective roles" in this litigation. *See In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *1–2 (N.D. Cal. Aug. 18, 2014) (Judge Beth Labson Freeman). This order thus clarifies those roles and sets some ground rules.

While the firms of Morgan and Glancy have adequate experience, there is also public benefit in giving opportunities to gain experience. Here, the only woman is local counsel for plaintiff Kyle Castro, and there are no persons of color seeking appointment as interim counsel. As such, this order appoints Mason A. Barney of Siri as interim class counsel pursuant to Rule 23(g), given his position as second-most experienced counsel seeking appointment.

There shall be no executive committee nor broader structure beyond Attorney Barney and his firm as interim class counsel. There shall be no settlement negotiations until there is a class certification order in hand (Notice and Order Re Putative Class Actions 5–6, Dkt. No. 13). No

United States District Court
Northern District of California

1    work shall be compensated from any class recovery or fee award unless it is approved in

2    advance in writing by interim counsel or by class counsel.  No class work shall be

3    compensated unless it is corroborated by detailed time notes made contemporaneously with the

4    work.  This order further reminds interim counsel that, as usual, duplicative or excessive

5    requests for attorney's fees will be looked upon with disfavor.  Appointment of Attorney

6    Barney as interim class counsel pursuant to these ground rules "further[s] the fair and adequate

7    representation of the putative class by clarifying who is responsible for their interests."

8    *Olosoni v. HRB Tax Grp., Inc.*, No. 19-CV-03610-SK, 2019 WL 7576680, at *6 (N.D. Cal.

9    Nov. 5, 2019), *aff'd sub nom. Snarr v. HRB Tax Grp., Inc.*, 839 F. App'x 53 (9th Cir. 2020)

10    (Judge Sallie Kim).

11      As a final point, the unopposed motion to consolidate stated that consolidation was for

12    pre-trial purposes only.  However, this order finds that complete consolidation of all four

13    actions is appropriate.  All involve common questions of law and fact.  FRCP 42.

14         Indeed, the parties have not articulated any persuasive reasons for
15        ordering separate trials.  FRCP 42(b) states that separate trials
         made be ordered for convenience, to avoid prejudice, or to
16        expedite and economize.  If anything, separate trials in these
         related putative . . . class actions would increase class costs and
17        unnecessarily complicate case management.  Complete
         consolidation, including for trial, is thus appropriate.

18    *Il Fornaio (Am.) Corp. v. Lazzari Fuel Co., LLC*, No. C 13-05197 WHA, 2014 WL 806203, at

19    *2–3 (N.D. Cal. Feb. 27, 2014).

20      Instead of the seven days as stated in the order granting consolidation, a superseding

21    consolidated amended complaint shall be filed within **FOURTEEN DAYS** of this order.  This

22    order also corrects the case caption to include the initials "WHA" after every consolidated case

23    number, and not those of the initially assigned judge.

24      **IT IS SO ORDERED.**

25    Dated:  September 18, 2023.

26

27

28    WILLIAM ALSUP
     UNITED STATES DISTRICT JUDGE