UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



IN RE: FORTRA FILE TRANSFER SOFTWARE
DATA SECURITY BREACH LITIGATION                                MDL No. 3090

## TRANSFER ORDER

**Before the Panel:**[*] NationsBenefits Holdings, LLC, and NationsBenefits, LLC, defendants in eighteen actions in the Southern District of Florida, move under 28 U.S.C. § 1407 to centralize this litigation in the District of Minnesota. Defendants' motion includes 46 actions pending in seven districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of four additional related actions.[1]

The motion to centralize is supported by the Aetna[2] and Community Health Systems[3] defendants, defendant Brightline, Inc., and defendant Fortra LLC. Defendant Anthem Insurance Companies, Inc., opposes centralization of the sole action against it, which is pending in the Southern District of Indiana. Plaintiffs in the District of Minnesota action against Fortra take no position on centralization but, if an MDL is created, suggest centralization in the District of Minnesota. All other plaintiffs oppose centralization and, alternatively, suggest centralization in the Southern District of Florida.

After considering the argument of counsel, we find that centralization of these actions in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions can be expected to share factual questions arising from the January 2023 breach of defendant Fortra's "GoAnywhere" managed file transfer software, which was targeted by a Russian-linked ransomware group that leveraged what are known as "zero-day" (*i.e.*, "then-unknown") exploits in the software to access customers' data. All actions can be expected to share common and complex factual questions surrounding

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Aetna Inc., Aetna Corporate Services, LLC, Aetna Health Management, Inc., Aetna Health, Inc., Aetna International, LLC, Aetna Resources, LLC, and Aetna Life Insurance Company.

[3] CHSPSC, LLC, and Community Health Systems, Inc.

Case 3:23-cv-02132-WHA   Document 75   Filed 02/14/24   Page 2 of 5
Case 1:24-md-03090-RAR   Document 1   Entered on FLSD Docket 02/13/2024   Page 2 of 5
Case MDL No. 3090   Document 104   Filed 02/05/24   Page 2 of 5

- 2 -

how the Fortra GoAnywhere vulnerability occurred, the unauthorized access and data exfiltration, and Fortra's response to it, which impacted all the various downstream defendant users of the file transfer software and individual plaintiffs. Plaintiffs are individuals whose protected health information or personal identifying information was potentially compromised. They bring largely overlapping putative nationwide class actions on behalf of persons impacted by the exploitation of the Fortra data breach. Centralization offers substantial opportunities to streamline pretrial proceedings; reduce duplicative discovery and conflicting pretrial obligations; prevent inconsistent rulings on common evidentiary challenges and summary judgment motions; and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiffs in all but the District of Minnesota action against Fortra oppose centralization, arguing that the parties' efforts to consolidate the litigation where defendants are based, as well as other informal coordination efforts, are sufficient alternatives to centralization. These informal arrangements are not insignificant—due to the consolidation of most actions against separate defendants in each district, the fifty total actions effectively have been reduced to ten. Even so, we view centralization as creating more efficiencies and requiring the management efforts of many fewer judges to establish a pretrial structure, facilitate coordination across districts, and make procedural and substantive rulings. Critically, there appears to be considerable overlap among the putative classes. Some members of the putative classes against the various defendants are the same. The District of Minnesota case against Fortra defines its putative class as one that potentially encompasses all other actions: "All persons whose Private Information was compromised as a result of the [Fortra] Data Breach, including those who were sent a Notice of Data Breach[.]" *See* Consol. Class Action Compl. ¶ 17, *Anderson v. Fortra*, C.A. No. 0:23-533 (D. Minn.), ECF. No. 50. Further, the Northern District of California defendant Brightline, which used Fortra's GoAnywhere software, contracts with commercial insurance carriers, employers, and consultants to help provide services to their subscribers, members, and clients. District of Connecticut defendant Aetna, an insurance carrier, is one of Brightline's customers. Two of the named plaintiffs in the District of Minnesota case against Fortra allege that they received notice of the Fortra incident from Brightline. Further underscoring the overlap among the putative class members, seventeen plaintiffs bring claims against both Aetna in the District of Connecticut and against Aetna's vendor NationsBenefits in the Southern District of Florida.

Plaintiffs opposing transfer argue that the Panel's decision denying centralization in *In re Accellion, Inc., Customer Data Security Breach Litigation*, 543 F. Supp. 3d 1372, 1374 (J.P.M.L. 2021), should dictate a similar denial of centralization here. But *Accellion* is distinguishable. That litigation involved 26 actions (and related actions) arising from a breach of a "legacy" file transfer appliance that Accellion allegedly had encouraged its customers to migrate away from. *Id.* The Panel denied centralization, in part, because most parties opposed centralization, had largely self-organized the litigation, and preferred to informally cooperate. *Id.* ("Most parties, including two defendants, oppose centralization, and have cooperated to organize all but two actions into three coordinated or consolidated proceedings."). As in *Accellion*, there may be allegations specific to each defendant's role in the breach of a particular plaintiff's data. But this litigation—regardless The Panel also denied centralization because

any factual overlap among the actions as to Accellion's FTA product, its vulnerability

Case 3:23-cv-02132-WHA   Document 75   Filed 02/14/24   Page 3 of 5
Case 1:24-md-03090-RAR   Document 1   Entered on FLSD Docket 02/13/2024   Page 3 of 5
Case MDL No. 3090   Document 104   Filed 02/05/24   Page 3 of 5

- 3 -

of whether Fortra is named as a defendant in a particular case—poses significant questions about Fortra's role in the ultimate exploitation of the GoAnywhere vulnerability. In contrast to the product at issue in *Accellion*, Fortra's transfer software here is used by over a hundred organizations—seemingly far from a "legacy" product.

We are persuaded that the Southern District of Florida is the appropriate transferee district for these cases. More cases are pending in this district than in any other district, and Judge Rodolfo A. Ruiz II has taken preliminary steps to organize this litigation. We are confident that Judge Ruiz will steer this litigation on a prudent course to resolution.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Rodolfo A. Ruiz II for coordinated or consolidated proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline C. Arleo |

---

to attack, and its alleged support of this "legacy" product may be eclipsed by factual issues specific to each client defendant. Opponents of centralization argue that, rather than a single data breach, there were numerous data breaches of each client defendant, occurring at different times and involving each client defendant's own servers. Moreover, each client defendant's knowledge of the FTA's alleged vulnerability to attack will be unique, as will Accellion's alleged efforts to urge each client to migrate to its newer file sharing product.

*Accellion*, 543 F. Supp. 3d at 1374.

Case 3:23-cv-02132-WHA   Document 75   Filed 02/14/24   Page 4 of 5
Case 1:24-md-03090-RAR   Document 1   Entered on FLSD Docket 02/13/2024   Page 4 of 5
Case MDL No. 3090   Document 104   Filed 02/05/24   Page 4 of 5

IN RE: FORTRA FILE TRANSFER SOFTWARE
DATA SECURITY BREACH LITIGATION   MDL No. 3090

## SCHEDULE A

<u>Northern District of California</u>

ROSA, ET AL. v. BRIGHTLINE, INC., C.A. No. 3:23−02132
JACKSON v. BRIGHTLINE, INC., C.A. No. 3:23−02291
NDIFOR v. BRIGHTLINE, INC., C.A. No. 3:23−02503
CASTRO v. BRIGHTLINE, INC., C.A. No. 3:23−02909

<u>District of Connecticut</u>

ROUGEAU v. AETNA INC., C.A. No. 3:23−00635
VOGEL v. AETNA, INC., C.A. No. 3:23−00740
BANKS, ET AL. v. AETNA, INC., C.A. No. 3:23−00779
W., ET AL. v. AETNA INTERNATIONAL, LLC, ET AL., C.A. No. 3:23−00873
LIZOTTE v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 3:23−00906
GUERRERO v. NATIONSBENEFITS, LLC, C.A. No. 3:23−00910
WILCZYNSKI v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 3:23−00912

<u>Southern District of Florida</u>

SKURAUSKIS, ET AL., v. NATIONSBENEFITS HOLDINGS, LLC, ET AL.,
   C.A. No. 0:23−60830
SKUYA v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60846
SEZAWICH v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60877
HASSAN v. NATIONSBENEFITS HOLDINGS, LLC, C.A. No. 0:23−60885
VEAZEY, ET AL. v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60891
CALIENDO v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−60927
WILSON v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60949
WILCZYNSKI v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−60950
GUERRERO v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60951
BANKS, ET AL. v. NATIONSBENEFITS, LLC, C.A. No. 0:23−60976
FUSS, ET AL. v. NATIONSBENEFITS, LLC, C.A. No. 0:23−61014
DEKENIPP v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−61089
CLANCY v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−61107
WANSER v. NATIONSBENEFITS, LLC, C.A. No. 0:23−61141
LIZOTTE v. NATIONSBENEFITS, LLC, ET AL., C.A. No. 0:23−61209
A.T. v. NATIONSBENEFITS HOLDINGS, LLC, ET AL., C.A. No. 0:23−61325
KING v. NATIONSBENEFITS LLC, ET AL., C.A. No. 0:23−61373
SW v. AETNA INTERNATIONAL LLC, ET AL., C.A. No. 0:23−61548

Case 3:23-cv-02132-WHA   Document 75   Filed 02/14/24   Page 5 of 5
Case 1:24-md-03090-RAR   Document 1   Entered on FLSD Docket 02/13/2024   Page 5 of 5
Case MDL No. 3090   Document 104   Filed 02/05/24   Page 5 of 5

 Southern District of Indiana

SHEPHERD v. ANTHEM INSURANCE COMPANIES, INC., ET AL.,
C.A. No. 1:23−00693

 District of Minnesota

ANDERSON, ET AL. v. FORTRA LLC, C.A. No. 0:23−00533

 Northern District of Ohio

IN RE INTELLIHARTX DATA SECURITY INCIDENT LITIGATION,
C.A. No. 3:23−01224
KELLY v. INTELLIHARTX, LLC, C.A. No. 3:23−01338
CABRALES v. INTELLIHARTX, LLC, C.A. No. 3:23−01439
TIMMONS v. INTELLIHARTX, LLC, C.A. No. 3:23−01452
MCDAVITT v. INTELLIHARTX, LLC, C.A. No. 3:23−01499
TERWILLIGER, ET AL. v. INTELLIHARTX, LLC, ET AL., C.A. No. 3:23−01509
FULLINGTON v. INTELLIHARTX, LLC, C.A. No. 3:23−01918

 Middle District of Tennessee

KUFFREY v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:23−00285
MARTIN v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:23−00354
GATTI v. CHSPSC, LLC, C.A. No. 3:23−00371
CASELLA v. CHSPSC, LLC, C.A. No. 3:23−00396
TATUM, ET AL. v. CHSPSC, LLC, C.A. No. 3:23−00420
FERGUSON v. COMMUNITY HEALTH SYSTEMS, INC., ET AL.,
 C.A. No. 3:23−00443
MCGOWAN v. COMMUNITY HEALTH SYSTEMS, INC., ET AL.,
 C.A. No. 3:23−00520
UNDERWOOD, ET AL. v. COMMUNITY HEALTH SYSTEMS, INC., ET AL.,
 C.A. No. 3:23−00565